**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROBERT K. ADAMS,
<u>Plaintiff-Appellant,</u>

v.

No. 98-1598

WILLIAM J. HENDERSON, Postmaster
General, U. S. Postal Service,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-97-189-A)

Submitted: November 30, 1998

Decided: December 21, 1998

Before MURNAGHAN, WILKINS, and HAMILTON,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

M. Anna Gnadt, COSTAS & GNADT, P.C., Fairfax, Virginia, for
Appellant. Helen F. Fahey, United States Attorney, Jeri Kaylene
Somers, Assistant United States Attorney, Alexandria, Virginia; R.
Andrew German, Managing Counsel, Janet Noble Smith, UNITED
STATES POSTAL SERVICE, Austin, Texas, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert K. Adams appeals from a district court order that granted summary judgment to his employer, the United States Postal Service ("the Service"), in his employment discrimination action filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e (1994). Adams alleged that white employees were treated more favorably than black employees under the Service's policy on incidents of vio- lence in the workplace. We find no error and affirm.

We review the district court's grant of summary judgment de novo and affirm only if the record reveals no genuine issue of material fact. See Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994). A moving party is entitled to summary judgment "if the pleading, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In making this assessment, the court must view the facts and draw reasonable inferences in a light most favorable to the nonmoving party. See id. at 255.

Adams's claims of racial discrimination are subject to the burdens of proof set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973). See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993). To prevail, Adams must establish a prima facie case by proving: (1) he is a member of a protected group; (2) he suffered some adverse employment action; (3) at the time of the adverse employment action, he was performing at a level that met his employ- er's legitimate expectations; and (4) the adverse employment action occurred under circumstances that raise an inference of unlawful dis-

2

crimination. See id. (citing Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-55 (1981)).

If Adams establishes his prima facie case by a preponderance of the evidence, the burden then shifts to the Service to rebut a presumption of discrimination by articulating some legitimate, nondiscriminatory reason for the adverse employment action. See St. Mary's, 509 U.S. at 506-07. If the Service provides a legitimate, nondiscriminatory reason for the action, Adams may then attempt to prove by a preponderance of the evidence that the legitimate reasons asserted by the Service were not true reasons but pretexts for discrimination. Id. at 507-08.

In a Title VII action alleging disparate treatment, the decisive issue is whether the defendant's disciplinary actions were motivated by race. See Moore v. City of Charlotte, 754 F.2d 1100, 1104 (4th Cir. 1985). Adams must establish that he engaged in conduct similar to conduct of a person of another race and that the disciplinary measures enforced against him were more severe than those enforced against the other person. See id. at 1105. The most important variables in this context are the nature of the offenses and the nature of the punishment imposed. See id. We also note that courts have held that disciplinary measures taken by different supervisors may not be comparable for Title VII purposes. See Jones v. Bessemer Carraway Med. Ctr., 137 F.3d 1306, 1312 n.7 (11th Cir. 1998).

The district court concluded that Adams had established "a very, very thin prima facie case," but concluded that the "legitimate nondiscriminatory reason presented by the defendant . . . is more than sufficient to sustain the particular disciplinary action taken in this case." The court continued that there was "no evidence in this record of disparate treatment based on race for the kind of behavior for which the plaintiff was involved." The court's resolution of whether the Service's disciplinary action was motivated by race is a finding of fact that we may reverse only if the determination is "clearly erroneous." See Moore, 754 F.2d at 1104 (citing Pullman-Standard v. Swint, 456 U.S. 273, 285-90 (1982)).

Adams, a letter carrier with the Service, was involved in a physical altercation with a fellow employee in December 1995 in the work-

3

place. The altercation was witnessed by other employees and two supervisors, and there was evidence that both Adams and the other party punched each other. Both had to be physically separated and restrained. When this incident occurred, the Service had a "zero tolerance" policy for violent conduct in the workplace under which the usual penalty for participation in a physical altercation in the workplace is firing. After investigation, the Service issued a notice of removal to Adams; the other party was also fired for his involvement in the altercation. Following settlement of a grievance Adams filed challenging his removal, Adams was reinstated and his removal was converted to a fourteen-day suspension. Adams received back pay for the time between his removal and his reinstatement except for the fourteen-day period.

Based upon this evidence, we find no clear error in the district court's determination that the Service's disciplinary action was not based upon race. We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4